IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
LILLIAN A. MOSS,              )
                              )
         Plaintiff,           )
                              )
    v.                        )  Civil Action No. 04-274J
                              )
JO ANNE B. BARNHART,          )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
         Defendant.           )
```

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of June, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits on July 19, 2000, alleging a disability onset date of March 1, 1994, due to depression, anxiety, high blood pressure, obesity, pain in her back, hip and legs, and alcoholism.  Plaintiff's applications were denied initially.  At plaintiff's request, an ALJ held a hearing on April 3, 2001, at which plaintiff appeared represented by counsel.  On February 5, 2002, the ALJ issued a decision finding plaintiff not disabled.  On September 14, 2004, the Appeals Council denied review, making the ALJ's decision of February 5, 2002, the final decision of the Commissioner.

In addition, plaintiff previously had filed applications for disability insurance benefits and supplemental security income on May 29, 1998, which were denied by an ALJ on August 18, 1999. Plaintiff's request for review of that decision was denied by the Appeals Council on April 24, 2001, and plaintiff took no further action in regard to those previous applications.  As a result, plaintiff's status of not disabled as of August 18, 1999, and the ALJ's findings and conclusions supporting that determination are

final and binding through that date.[1] Moreover, for purposes of plaintiff's application for Title II benefits, plaintiff had acquired sufficient coverage to remain insured only through September 30, 1999. Accordingly, the only relevant time period at issue in this case is the period between August 18, 1999, and September 30, 1999, and in order to be entitled to benefits, plaintiff must show that she became disabled within that relevant time frame.

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school education and has past relevant work experience as a real estate manager/apartment complex business manager, but has not engaged in any substantial gainful activity since March of 1994.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of carpal tunnel syndrome, a Colles fracture of the non-dominant left wrist, a depressive disorder, a generalized anxiety disorder, a personality disorder, and a history of drug and alcohol abuse,

---

[1] In the decision under review by this court, the ALJ expressly found that good cause does not exist for reopening the prior determination (R. 12) and plaintiff has advanced no good cause in his motion or brief to this court which would necessitate reopening of the prior decision. Accordingly, plaintiff's status of not disabled as of August 18, 1999, is final and binding.

those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that, although plaintiff is unable to perform her past relevant work, she nevertheless retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments.[2] Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity.  Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including ticket taker, hand bagger and late/evening shift janitorial worker. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period

---

[2] The ALJ found that "[Plaintiff's] residual functional capacity for the full range of light work is reduced by . . . limitations" precluding her from "work requiring more than occasional postural maneuvering such as bending, crouching, or twisting, any climbing or balancing, more than occasional fine finger manipulation, frequent contact with peers, supervisors and the public, the stress associated with a production or quota based work environment, or the performance of other than simple, repetitive, routine job tasks."  (R. 20).

of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations

dealing specifically with the evaluation of mental impairments. 20 C.F.R. §§404.1520a and 416.920a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff raises a litany of challenges to the ALJ's findings at steps $3^3$ and $5^4$ of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ erred in finding that plaintiff does not meet the listing at 12.04 for affective disorders; (2) the ALJ failed to accord controlling weight to the opinion of plaintiff's treating psychiatrist; (3) the ALJ improperly discounted plaintiff's testimony and subjective complaints regarding her pain and limitations; (4) the ALJ failed to consider any limitations arising from carpal tunnel syndrome;

---

[3] At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

[4] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

(5) the ALJ failed to consider any side effects of plaintiff's medications; (6) the ALJ failed to consider the limiting effects of plaintiff's impairments in combination; and, (7) the ALJ failed to perform a function-by-function assessment of factors relating to plaintiff's ability to perform sustained work activities. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first contends that the ALJ erred at step 3 in finding that plaintiff's mental impairments do not meet or equal the listing at 12.04 for affective disorders. The court finds this argument to be without merit. The burden is on the ALJ to identify the relevant listed impairment in the federal regulations that compares with the claimant's impairment. Id. at 120 n.2. The ALJ must "fully develop the record and explain his findings at step 3, including an analysis of whether and why [the claimant's] ... impairments ... are or are not equivalent in severity to one of the listed impairments." Id. However, the burden is on the claimant to present medical findings that show that his impairment matches a listing or is equal in severity to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

Here, the ALJ identified the relevant listed impairments and adequately explained why plaintiff's impairments do not meet any listing.[5] In particular, the ALJ found that plaintiff failed to

---

[5] In addition to the listing for affective disorders, the ALJ also analyzed plaintiff's impairments under the listings for anxiety related disorders (12.06), personality disorders (12.08) and substance addiction disorders (12.09).

meet either the "B" or the "C" criteria of listing 12.04 and adequately explained the basis for that finding in his decision. (R. 14-15). As the required level of severity is met only when the requirements in both A and B of 12.04 are satisfied, or when the "C" criteria of 12.04 are met, the ALJ concluded that plaintiff does not meet that listing.

The ALJ's findings are supported by substantial evidence as outlined thoroughly in the ALJ's decision and plaintiff otherwise has failed to meet her burden of presenting medical findings to show that her impairments matched listing 12.04 or were equal in severity to listing 12.04 during the relevant time period at issue in this case.

Plaintiff next argues that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to accord appropriate weight to an opinion from her treating psychiatrist, Dr. Timens, which, according to plaintiff, suggests that plaintiff is disabled. (R. 302). Upon review the court finds that the ALJ's evaluation of the medical evidence, including that from Dr. Timens, is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical

and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. Based upon his review of the entire record, including all of plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not meet or equal any listed impairment and do not preclude her from performing any substantial gainful activity. These findings are supported by substantial evidence as outlined by the ALJ in his decision. (R. 17-18).

The court also finds that the ALJ did not err in giving no controlling weight to any suggestion from Dr. Timens that plaintiff is unable to perform all work activity. First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §§416.927(e) and 416.946; SSR 96-5p. Here, based upon his review of the entire record, including the medical records and plaintiff's testimony, the ALJ concluded that plaintiff's

impairments do not preclude her from performing all work activity.

Moreover, as the ALJ adequately explained in his decision, any suggestion of disability from Dr. Timens is not supported by the objective findings of record, including Dr. Timen's own findings, by plaintiff's treatment history or activities of daily living, or by the other medical evidence of record, including that from Dr. Glover. (R. 17-18).

In addition, Dr. Timen's assessment of plaintiff's abilities changed between June of 2001, when he found plaintiff seriously limited, but not precluded, from performing all work related activities, to December of 2001, when he found she had no ability in numerous areas, suggesting a deterioration of her condition during the latter half of 2001. However, the relevant time period in this case is August 18, 1999, to September 20, 1999, and there is no evidence that plaintiff's mental impairments were disabling during that time period. In fact, there is no evidence that plaintiff sought any mental health treatment at all between June of 1999 and July of 2000. Accordingly, even assuming arguendo that Dr. Timen's assessment from December of 2001 may suggest disability at that time, it would be irrelevant because plaintiff had the burden of showing she became disabled during the relevant time period of mid-August through the end of September of 1999.

Thus, because total disability is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in not giving Dr. Timen's opinion controlling weight. 20 C.F.R.

§§404.1527(d) and 416.927(d); SSR 96-2p.

Plaintiff's next argument is that the ALJ improperly analyzed plaintiff's subjective complaints of pain, numbness and other limitations. After reviewing the record, the court finds that the ALJ properly evaluated plaintiff's subjective complaints in accordance with the regulations.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, in assessing plaintiff's credibility, the ALJ properly considered plaintiff's subjective complaints, but also considered her allegations in light of the medical evidence, her treatment history and all the other evidence of record. In doing so, he found that plaintiff's testimony as to her limitations was inconsistent with her daily activities as well as with the objective medical evidence. (R. 16-17). The court finds no error in the ALJ's credibility determination as it is supported by substantial evidence.

Finally, the court has considered each of plaintiff's remaining arguments and finds them all to be without merit. First, plaintiff's contentions that the ALJ failed to consider any limitations arising from carpal tunnel syndrome or the side effects of plaintiff's medications are belied by the record. The

ALJ expressly found that plaintiff's carpal tunnel syndrome is a severe impairment and his residual functional capacity finding limited plaintiff to no more than occasional fine finger manipulation. (R. 19-20). Moreover, the ALJ adequately explained in his decision that plaintiff's subjective complaints of additional limitations resulting from carpal tunnel syndrome, in particular bilateral hand numbness, were not supported by the objective medical evidence. (R. 13-14).

Likewise, the ALJ expressly noted in his decision that there is no medical evidence that plaintiff experienced any significant side effects from her medications or that her medications frequently were changed or the dosages altered due to any side effects. In the absence of such evidence, the ALJ concluded that the side effects of plaintiff's medications do not result in serious functional limitations. Substantial evidence in the record supports this determination.

Plaintiff's additional arguments that the ALJ failed to consider the limiting effects of plaintiff's impairments in combination and to perform a function-by-function assessment of factors relating to plaintiff's ability to perform sustained work activities also have been considered by the court and are found to be unpersuasive. The ALJ expressly found that plaintiff's impairments, alone or in combination, do not meet or equal any listing, and, in addition, he incorporated all medically supported limitations arising from all of plaintiff's mental and physical impairments into the residual functional capacity finding and his

hypothetical to the vocational expert included those limitations arising from all of plaintiff's impairments in combination. (R. 20; 109-110).

Moreover, the ALJ's decision establishes that the ALJ complied with the dictates of SSR 96-8p in regard to assessing plaintiff's residual functional capacity. The ALJ analyzed the evidence of record and incorporated exertional and non-exertional limitations on each level of functioning affected by plaintiff's impairments. (R. 17, 20). Upon review of the record, the court is satisfied that the ALJ's residual functional capacity assessment complied with the requirements of SSR 96-8p and that said assessment is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_/s/ Gustave Diamond_
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901